IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

FRANSTINA TOWNSEL, INDIVIDUALLY )
AND ON BEHALF OF ALL WRONGFUL  )
DEATH BENEFICIARIES OF         )
BRENDA TOWNSEL, DECEASED       )
                               )
                               )
         PLAINTIFF             )
                               )
V.                             )   CIVIL ACTION NO. 3:10CV450 TSL-FKB
                               )
MISSISSIPPI DEPARTMENT OF      )
CORRECTIONS, CHRISTOPHER EPPS, )
COMMISSIONER, FOR              )
THE MISSISSIPPI DEPARTMENT OF  )
CORRECTIONS, MARGARET BINGHAM, )
SUPERINTENDANT OF THE CENTRAL  )
MISSISSIPPI CORRECTIONAL       )
FACILITY, LIEUTENANT VICKIE    )
THOMAS, CAPTAIN FAYE FEALS,    )
LIEUTENANT DONALD MITCHELL,    )
CAPTAIN OTHIEL CLARK, MDOC     )
OFFICERS AT THE CENTRAL        )
MISSISSIPPI CORRECTIONAL       )
FACILITY and JOHN DOES 1-20    )
                               )
                               )
         DEFENDANTS            )

---

COMPLAINT
(JURY TRIAL DEMANDED)

---

COME NOW, the Plaintiffs, the Franstina Townsel, Individually and on Behalf of all of the Wrongful Death Beneficiaries of Brenda Townsel, by and through their attorneys, Holaday Law Firm, PLLC, and for their Complaint against Defendants Mississippi Department of Corrections,

Christopher Epps, Commissioner for The Mississippi Department of Corrections, Margaret Bingham, Superintendent of the Central Mississippi Correction Facility, Lieutenant Vickie Thomas, Captain Faye Feals, Lieutenant Donald Mitchell and Captain Othiel Clark, MDOC Officers at the Central Mississippi Correctional Facility, and John Does 1-25, state as follows:

## PRELIMINARY STATEMENT

1. This is a Federal Civil Rights action brought as a result of what the Plaintiff believes was a blatant violation of, *inter alia*, the federal civil, constitutional and human rights of the Deceased, Brenda Townsel, who while in the custody of the Mississippi Department of Corrections, was deprived of medical attention relating to her severe diabetes, psychiatric condition and other health problems. As a direct and proximate consequence of being deprived of this necessary medical assistance, Ms. Townsel later died on or about October 28, 2006. It is alleged that the Deceased's rights under federal law, more specifically 42 U.S.C §1983, together with certain rights under the Constitutions of the United States of America and the State of Mississippi were violated. Brenda Townsel is survived by three children, namely, Franstina Townsel, Christopher Townsel, and Hattie Jordan. It is on the behalf of all of these wrongful death beneficiaries, that Franstina Townsel files this action seeking damages against the Defendants for committing acts under color of law, which deprived Brenda Townsel of rights secured under the Constitution and laws of the United States; and for refusing or neglecting to prevent such deprivations and denials to Brenda Townsel. This Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

## PARTIES

2. Franstina Townsel, Individually and on behalf of all wrongful death beneficiaries of Brenda Townsel, is a Plaintiff in this action. Ms. Townsel is an adult resident citizen of Oktibbeha

County, Mississippi.

3. The Mississippi Department of Corrections (hereinafter "Mississippi Department of Corrections") is a political subdivision of the State of Mississippi. To the extent this Defendant would otherwise enjoy sovereign immunity, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. At all relevant times to this Complaint, this Defendant was responsible, in whole or in part, for the care of Brenda Townsel (now deceased) while acting under color or authority of law. This Defendant is subject to service of process through the Attorney General of the State of Mississippi.

4. Christopher Epps is Commissioner for the Mississippi Department of Corrections and is being sued in his official capacity. To the extent this Defendant would otherwise enjoy immunity from suit, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. At all relevant times to this Complaint, this Defendant was responsible, in whole or in part, for the care of Brenda Townsel (now deceased) while acting under color or authority of law in his official capacity as a policymaker for the Mississippi Department of Corrections. Commissioner Epps may be served at his office at 723 North President Street, Jackson, Mississippi 39202.

5. Margaret Bingham was at all times material to this Complaint was employed by Defendant MDOC. This Defendant is sued in her individual and official capacity. To the extent this Defendant would otherwise enjoy immunity from suit, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. At all relevant times to this Complaint, this Defendant was

responsible, in whole or in part, for the care of Brenda Townsel (now deceased) while acting under color or authority of law. Ms. Bingham may be served at her residence or place of employment.

6. Lieutenant Vickie Thomas was at all times material to this Complaint was employed by Defendant MDOC. This Defendant is sued in her individual and official capacity. To the extent this Defendant would otherwise enjoy immunity from suit, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. At all relevant times to this Complaint, this Defendant was responsible, in whole or in part, for the care of Brenda Townsel (now deceased) while acting under color or authority of law. Lieutenant Thomas may be served at her residence or place of employment.

7. Captain Faye Feals was at all times material to this Complaint was employed by Defendant MDOC. This Defendant is sued in her individual and official capacity. To the extent this Defendant would otherwise enjoy immunity from suit, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. At all relevant times to this Complaint, this Defendant was responsible, in whole or in part, for the care of Brenda Townsel (now deceased) while acting under color or authority of law. Captain Feals may be served at her residence or place of employment.

8. Lieutenant Donald Mitchell was at all times material to this Complaint was employed by Defendant MDOC. This Defendant is sued in his individual and official capacity. To the extent this Defendant would otherwise enjoy immunity from suit, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. At all relevant times to this Complaint, this Defendant was

responsible, in whole or in part, for the care of Brenda Townsel (now deceased) while acting under color or authority of law. Lieutenant Mitchell may be served at his residence or place of employment.

9. Captain Othiel Clark was at all times material to this Complaint was employed by Defendant MDOC. This Defendant is sued in his individual and official capacity. To the extent this Defendant would otherwise enjoy immunity from suit, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. At all relevant times to this Complaint, this Defendant was responsible, in whole or in part, for the care of Brenda Townsel (now deceased) while acting under color or authority of law. Captain Clark may be served at his residence or place of employment.

10. John Does 1-25 are any unknown persons or legal entities that may have contributed to the tortious acts or omissions that are being described herein, including, but not limited to, any employee of the MDOC who is not otherwise named as a Defendant herein. At all relevant times to this Complaint, these unknown Defendants were responsible, in whole or in part, for the care of Brenda Townsel (now deceased) while acting under color or authority of law. To the extent these unknown Defendants would otherwise enjoy sovereign immunity, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. The Plaintiff will seek leave of this Honorable Court to amend this Complaint to include these necessary Defendants if and when their identities are made known.

## JURISDICTION AND VENUE

11. The Plaintiff herein invokes the federal question jurisdiction of this Honorable Court pursuant to 28 U.S.C. §§ 1331 & 1343 to obtain a judgment for the costs of suit, including

reasonable attorneys' fees, and damages suffered and sustained by the Deceased, Brenda Townsel, and caused by the Defendants' blatant violation of his rights, privileges and immunities as guaranteed by the Eighth and Fourteenth Amendments to the Constitution of the United States of America and by federal law, more particularly 42 U.S.C. § 1983. Furthermore, the Plaintiff's action for injunctive relief is authorized pursuant to 28 U.S.C. §§ 2201 & 2202.

12. Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. § 1391(b) because as substantial part of the real and immediate harm sustained by the Plaintiff occurred in this judicial district and division.

## FACTS COMMON TO ALL COUNTS

13. On January 24, 2007, Brenda Townsel was convicted for the sale of cocaine in the Circuit Court of Oktibbeha County, Mississippi and was sentenced to eighteen years in prison. At the time of her sentencing, Brenda Townsel was being treated by a physical therapist for an ulcer on her leg. This ulcer was not healing properly; in fact, Ms. Townsel was supposed to have surgery on her leg prior to being incarcerated. At sentencing, the Circuit Court was made aware of Ms. Townsel's health problems. In fact, the Honorable Judge James T. Kitchens, Jr. was so concerned that he made a special handwritten note in the Sentencing Order (a copy of which is attached hereto) which states: "The Defendant is to be immediately transported to the MDOC because she has serious health concerns that need to be seen about." Moreover, Mrs. Townsel's physical therapist contacted MDOC to inform them of the condition of her leg.

14. After arriving at the Central Mississippi Correctional Facility ("CMCF"), Ms. Townsel developed gangrene in her leg. The gangrene resulted directly from the failure of MDOC/CMCF employees to change the bandages and medicine on her ulcer. Instead of changing

the bandages themselves, these employees would often give the bandages to Ms. Townsel for her to change. Unfortunately, Ms. Townsel, a schizophrenic drug addict, did not know what to do with these bandages since MDOC employees had failed to administer her anti-psychotic medication, Haldol. In fact, per the attached autopsy report, no trace of this medication was detected in her system at the time of her death. Moreover, at the time of her death Lorazepam was found in her system. (Inadvertent intra-arterial injection of Lorazepam may produce arteriospams, resulting in gangrene that may require amputation.) Therefore, while administering medication to Ms. Townsel that could cause gangrene, MDOC/CMCF employees consistently failed to change the very bandages that could have prevented gangrene, selecting instead to charge a medication-deprived schizophrenic with this duty. Eventually, the gangrene spread, necessitating the amputation of Ms. Townsel's leg. Then, for reasons unknown to the Plaintiffs, the MDOC/CMCF doctors amputated her other leg as well.

15. The condition from which Ms. Townsel suffered could have been prevented—or at the very least, the severity of the condition could have been mitigated substantially—had she been treated properly. As such, Ms. Townsel's pain, suffering, and resultant death could have been prevented had the Defendants simply provided Ms. Townsel with the medical care and treatment for which they had been given actual and express notice that she needed. Nevertheless, as a result of the Defendants' policy, custom or practice of not sending inmates to the hospital, and/or as a result of the Defendants' deliberate indifference to the plight of Ms. Townsel, no such medical care was provided to Ms. Townsel. As such, Ms. Townsel's civil rights as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution were violated.

## COUNT I—ACTION FOR DEPRIVATION OF CIVIL RIGHTS
## (42 U.S.C. § 1983)

16.     The previous paragraphs are incorporated herein by reference as if fully re-alleged.

17.     The Deceased, Brenda Townsel, had the right to be safe and protected from harm pursuant to the Eighth Amendment to the United States Constitution.  Moreover, pursuant to the Eighth Amendment to the United States Constitution, the Deceased had a right to receive proper medical treatment for her existing medical conditions.

18.     The Deceased, Brenda Townsel, had the right to equal protection of the laws and due process pursuant to the Fourteenth Amendment to the United States Constitution.  Pursuant thereto, Ms. Townsel had the right to be treated with the same dignity and respect as other prisoners.

19.     At all times material to this Complaint, the Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi.  Consequently, while acting under color of law, the Defendants commenced to implement a policy, custom, usage or practice wherein the rights, privileges or immunities of the Deceased, Brenda Townsel, were violated.  Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of the Deceased's right to the equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of the law pursuant to the Fourteenth Amendments to the Constitution of the United States of America, and the right against cruel and unusual punishment as set forth in the Eighth Amendment to the Constitution of the United States of America.  The

violations complained of in this Complaint include, but are not limited to, by not providing the Deceased with the proper medical care to treat the medical conditions of Ms.Townsel, thereby demonstrating a deliberate indifference to the immediate, grave and serious medical needs of Deceased, all of which caused or contributed to her death on or about August 13, 2010.

20. As a direct and proximate consequence of the Defendants' actions, the Deceased, Brenda Townsel, was deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation and the State of Mississippi. Specifically, the Deceased's Fourteenth Amendment rights to procedural and substantive due process and to the equal protection of the laws were violated by the Defendants, together with her Eighth Amendment right prohibiting cruel and unusual punishment.

21. At all times material hereto, the Defendants and their agents, representatives, and employees acted pursuant to the policies, regulations and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent the official policy of or were pursuant to a governmental custom, usage or practice of the Defendants Mississippi Department of Corrections, Commissioner Christopher Epps and Margaret Bingham, Superintendent of the Central Mississippi Correction Facility.

22. It is further averred that the Defendants Christopher Epps, Commissioner for The Mississippi Department of Corrections, Margaret Bingham, Superintendent of the Central Mississippi Correction Facility, Lieutenant Vickie Thomas, Captain Faye Feals, Lieutenant Donald Mitchell and Captain Othiel Clark, MDOC Officers at the Central Mississippi Correctional Facility and John Does 1-25 were the governmental officials whose edicts or acts may fairly be said to represent official policy, practices, customs or regulations of the Defendants Mississippi Department

of Corrections. The aforementioned Defendants collectively and individually developed, planned and/or implemented the policy, custom, and/or usage that resulted in the death of the Deceased, Brenda Townsel.

23. As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the Deceased of certain rights guaranteed by the Constitution of the United States of America, the Deceased, Brenda Townsel, suffered immediate and irreparable injury to her person resulting in the deprivation of his constitutional rights, privileges and immunities and ultimately causing her wrongful death. However, while alive, the Deceased experienced extreme pain and suffering, humiliation, degradation, mental distress, and severe emotional anguish as a result of being deprived of proper medical care.

## COUNT II—FAILURE TO PROVIDE ADEQUATE TRAINING AND SUPERVISION TO DEPUTIES

24. The previous paragraphs are incorporated herein by reference as if fully re-alleged.

25. The Defendants Margaret Bingham, Superintendent of the Central Mississippi Correction Facility, Lieutenant Vickie Thomas, Captain Faye Feals, Lieutenant Donald Mitchell and Captain Othiel Clark, MDOC Officers at the Central Mississippi Correctional Facility, and John Does 1-25 worked in and around the cellblock where the Deceased was housed on the dates in question. The aforementioned Defendants are (and at the time of Brenda Townsel's death were) tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were to be carried out at the Central Mississippi Correctional Facility.

26. As a direct and proximate consequence of the aforementioned Defendants' failure to

develop, implement and otherwise devise a proper policy of adequate police training and or supervision for its Officers, the Deceased was deprived of certain constitutional rights, privileges and immunities. Had such policies been implemented, Ms. Townsel's death and the corresponding deprivation of her civil rights, privileges and immunities would not have happened because every Officer within the employ of the MDOC, if properly trained and supervised, would have known of Brenda Townsel's medical condition and her need for proper medical care.

27. The aforementioned Defendants' failure to provide adequate training and supervision to the Officers in the Deceased's cellblock was so grossly negligent that it amounted to a deliberate indifference and blatant disregard for the rights, privileges, and immunities of the Deceased, Brenda Townsel, and any other person or persons similarly situated. Thus, because of the failure to provide adequate training and supervision, the aforementioned Defendants are liable for the Deceased's death and the deprivation of civil rights associated therewith.

## COUNT III—INJUNCTIVE RELIEF

28. The previous paragraphs are incorporated herein by reference as if fully re-alleged.

29. On information and belief, the Defendants have engaged in a course of conduct that constitutes a blatant disregard for the health, welfare, rights, privileges and immunities of persons like the Deceased and others similarly situated. To allow the Defendants to continue to behave in such fashion is not in the best interests of the citizens of the State of Mississippi nor those specific individuals whom the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, *et seq.*, was enacted to protect.

30. The Plaintiff prays for the entry of an order that would require the Defendants to provide all prisoners with access to medical care and attention when and if they are in situations

similar to that of the Deceased.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Franstina Townsel, Individually and on Behalf of all of the Wrongful Death Beneficiaries of Brenda Townsel, demands judgment against the Defendants Mississippi Department of Corrections, Christopher Epps, Commissioner for The Mississippi Department of Corrections, Margaret Bingham, Superintendent of the Central Mississippi Correction Facility, Lieutenant Vickie Thomas, Captain Faye Feals, Lieutenant Donald Mitchell and Captain Othiel Clark, MDOC Officers at the Central Mississippi Correctional Facility, and John Does 1-25 for compensatory damages in the amount of Ten Million Dollars ($10,000,000) or as proofs at trial may adduce, plus punitive damages, plus attorney's fees, plus the costs of this action. Moreover, the Plaintiffs seek injunctive relief to prevent the Defendants from repeating these abuses, and such other relief, whether legal or equitable, as this Court deems meet and proper.

This the 13th day of August, 2010.

Respectfully submitted:

HOLADAY LAW FIRM, PLLC

By _____
John G. Holaday, Esq.
One of their attorneys

John G. Holaday (MS Bar # 9814)
HOLADAY LAW FIRM, PLLC
P.O. Box 1137
Ridgeland, Mississippi 39158
Telephone: (601) 956.4557
Facsimile: (601) 956.4478